(Hamilton County Court of Insolvency.)

## IN THE MATTER OF THE ASSIGNMENT OF FRANK J. SCHUH.

An assignor cannot claim homestead exemption against a fund distributable under a mortgage that has been declared by the court to inure to the benefit of all the creditors.

(Decided November, 1895.)

Heard on application for $500 in lieu of homestead.

McNEILL, J.

On February 5, 1895, Frank J. Schuh made an assignment of all his property to Wm. W. Pease for the benefit of his creditors, reserving in the deed of assignment all his rights under the exemption laws of Ohio. Among the property assigned was a house and lot, used by the assignor as a homestead, which was incumbered by a mortgage to the Twenty-third Ward Building Association for $3,460.15. Just prior to making the assignment, the assignor and his wife joined in a mortgage to Anthony J. Schuh, to secure a debt of $500 due to said Anthony J. Schuh, and a debt of $200 due to another creditor. The real estate was sold under order of court, and realized $4,350. The mortgage to the building association was found to be the first lien, and ordered paid. Anthony J. Schuh filed a cross-petition herein, setting up his mortgage, and asking payment of the amount secured thereby. This was resisted by creditors, and upon hearing, the court found that this mortgage came within the provisions of section 6343, Revised Statutes, and "ordered and decreed, that the proceeds of the sale of the porperty sold, distributable under said mortgage, inure to the equal benefit of all creditors of the assignor herein, and be distributed by the assignee herein, to all the creditors of the assignor, in proportioon to the amounts of their respective claims." The balance of the proceeds of sale of said real estate, after deducting taxes, costs and expenses, amounts to about $500.

Two days after the entry above referred to was made, the assignor filed a motion asking for an allowance in lieu of homestead out of this fund, and has since filed a motion to set aside said entry, in so far as it directs a distribution of the fund.

Waiving the questions as to whether the application for exemption has been made within the time required by law, and whether a court will set aside an order of distribution in order to let in an application for exemption made after the order was entered, I am of the opinion that the assignor and his wife, having executed this mortgage which precludes the right to a homestead, and it having been declared by the court to come under the provisions of section 6343, Rev. Stat., which provides that such a transfer shall inure to the benefit of all the creditors, that all the creditors get the benefit of the form in which the instrument was executed; and that the assignor obtains no advantages by reason of the fact that the operation of the instrument has been enlarged by the statute so as to include all his creditors. That such a mortgage is not a nullity, but on the other hand is "enlarged" and "given a certain direction," has been repeatedly decided by our Supreme Court. Brown v. Webb, 20 Ohio, 389-400; Harkrader v. Leiby, 4 Ohio St. 602-610; Pendry v. Allen, 50 Ohio St. 121.

The motion to set aside the order directing the distribution of said fund, and the motion for exemption in lieu of homestead out of the same fund, will be overruled.

Max B. May, for the assignor.

C. R. Holterhoff, for the creditors.